UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| URIEL CASTANEDA, et al., | Case No. C11-1963-RSM-JPD |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| SIX UNKNOWN AGENTS, et al., | |
| Defendants. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiffs Uriel Castaneda, Phuong Duong, and Young Jil Jo, proceeding *pro se*, have filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983 against "six unknown . . . agents or Mr. President of the United States, Barack Obama." Dkt. 1. The defendants are currently incarcerated at the Big Spring Correctional Interstate Unit in Big Spring, Texas. After careful consideration of the plaintiffs' proposed complaint, the governing law, and the balance of the record, the Court recommends that the proposed complaint, Dkt. 1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

As a threshold matter, plaintiffs have failed to either pay the requisite filing fee or file an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights action. By letter dated November 25, 2011, the Clerk of Court informed plaintiffs that their proposed action was subject to dismissal if plaintiffs did not submit a proper IFP form, or alternatively, pay the $350 filing fee by no later than December 27, 2011. Dkt. 5. To date, however, plaintiffs have failed to submit an IFP application or pay the filing fee.

Even if plaintiffs corrected these deficiencies, however, this action would still be dismissed. The plaintiffs' proposed complaint, which was filed on November 25, 2011, is undecipherable. Dkt. 1. Specifically, it consists of a one-page list of unconnected words or phrases, such as "a prisoner civil action or sue, no custody, no restriction, phone, visit, commissary for a year, an application, a plaintiff's claim, a petitioner's claim, a claimant, an individual's claim, a private person's claim[.]" *Id*.

## III. DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action if, among other things, it is frivolous or if the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In addition to plaintiffs' failure to pay the filing fee or file an IFP application in this case, plaintiffs have failed to allege sufficient facts in their proposed complaint to place defendants on notice of the nature of their claims. *See* Fed. R. Civ. P. 8(a). Specifically, the plaintiffs' proposed complaint provides no short and plain statement of how each individual

defendant violated or personally participated in the violation of the plaintiffs' constitutional rights. *See Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). The Court advises plaintiffs of their responsibility to research the facts and law before filing an action to determine whether their action is frivolous. If they file a frivolous action, they may be sanctioned. *See* Fed. R. Civ. P. 11. If plaintiffs file numerous frivolous or malicious actions, the court has the authority to bar them from proceeding on an IFP basis in the future. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990).

Accordingly, as plaintiffs' proposed complaint does not present viable claims under § 1983, even liberally construed as it must be at this stage of the litigation, the Court recommends that plaintiffs' proposed complaint be DISMISSED without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 11th day of January, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge